**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Joshua Spradlin, | ) | **CASE NO. 1:25 CV 1612** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Reuben J. Sheperd (Doc. 11) recommending that the decision of the Commissioner be affirmed. Plaintiff filed two objections. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**FACTS**

Only those facts necessary for a resolution of plaintiff's objection are set forth herein. Plaintiff Joshua Spradlin ("Spradlin") filed an application for Social Security Disability Insurance Benefits ("DIB") in 2023. In 2024, the Administrative Law Judge ("ALJ") issued a written decision, finding that Spradlin was not disabled. The ALJ's decision became final on June 12, 2025, when the Social Security Appeal Council declined further review.

On August 4, 2025, Spradlin filed a complaint in this Court, seeking review of the Commissioner's final decision. On May 5, 2026, the Magistrate Judge issued an R&R recommending that this Court affirm the Commissioner's decision. Spradlin filed objections to the R&R and the Commissioner filed a response.

**STANDARD OF REVIEW**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

## ANALYSIS

Spradlin's objections, like the merits of his complaint, focus on whether the ALJ failed to consider a medical opinion of Andrew Bonsky, PA-C ("PA Bonsky") contained within a check box disability form provided by and submitted to The Hartford Life and Accident Insurance Company ("Hartford"). Having reviewed the R&R, this Court finds no error therein.

First, as the R&R correctly points out, PA Bonsky checking boxes to indicate that Spradlin was incapable of performing his past sedentary work and that no accommodations could be made to allow him to return to his past work, clearly invaded the province of the Commissioner. *See* 20 C.F.R. § 404.1520b(c)(3)(i) (explaining that "[s]tatements on issues reserved to the Commissioner," such as to whether a person is or is not "disabled, . . . able to work, or able to perform regular or continuing work," are "inherently neither valuable nor persuasive"). Thus, the ALJ was not required to "provide any analysis about how [he] considered such evidence in his determination or decision." (Doc. 11, at

3

21 (citing 20 C.F.R. § 404.1520b(c); *Walton v. Comm'r of Soc. Sec.*, 2024 WL 3387300, at *21 (N.D. Ohio June 24, 2024)).

Second, despite Spradlin's contention, PA Bronsky did not opine as to any specific functional limitations. It is true that PA Bronsky seemingly accepted Hartford's definition of sedentary on the form when he checked "no" for the question of whether Spradlin could perform his past sedentary work but, ultimately, PA Bronsky did not articulate any specific functional limitations, or even incorporate the limitations from Hartford's definition, anywhere on the form.[1] In fact, when asked to support his decision to check "no", PA Bronsky noted it was beyond the scope of his practice to determine long-term disability and referred Hartford to specialists who had evaluated Spradlin.

Third, the R&R correctly classified PA Bronsky's only narrative assessment as a "regurgitation of Spradlin's description of his own symptoms [that] does not rise to the level of a 'medical opinion.'" (Doc. 11, at 21.) Spradlin does not seriously contend otherwise, except to reiterate his position that Hartford's definition of sedentary is somehow also PA Bronsky's "medical opinion." As explained above, however, this argument is unsupported and unpersuasive.

---

[1] Spradlin's citation to *Evans v. Comm'r of Soc. Sec.*, 2013 WL 772852, at *5 (W.D. Mich. Feb. 28, 2013), as supposed support for his position is unavailing. In *Evans*, the medical professional included an opinion that the plaintiff was not capable of work but then also "articulated specific functional limitations." Here, PA Bronsky did not articulate any specific functional limitations. At most, he adopted a definition provided by Hartford's provided form. This Court is unaware of any precedent that would consider that to be a "medical opinion" and Spradlin has not pointed to any.

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is

AFFIRMED.


IT IS SO ORDERED.

_____
PATRICIA A. GAUGHAN
United States District Judge


Date: 7/16/2026